UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Anne Stump & Paul Stump,

    Plaintiffs,

v.

Case No.:
Division:

LM General Insurance Company,

    Defendant.

_____/

**<u>Plaintiff's First Complaint</u>**

Come now, the Plaintiffs, Anne Stump and Paul Stump, by and through the undersigned attorney and sue the defendant, LM General Insurance Company, and alleges:

**<u>General Allegations</u>**

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2. At all times material herein, the plaintiff, Anne Stump, lived in Gloucester and was a resident of Essex County, Maryland.

3. At all times material herein, the plaintiff, Paul Stump, lived in Gloucester and was a resident of Essex County, Maryland.

4. At all times material herein, Defendant, LM General Insurance Company, is a corporation doing business in the State of Florida as an insurance

company and has business offices for the transaction of its customary business in Pasco County, Florida.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in the Tampa Division of the United States District Court for the Middle District of Florida because the acts alleged occurred in Pasco County, Florida.

7. On or about January 11, 2022, Plaintiff, Anne Stump, was a passenger in a 2020 Mercedes GMC AMG, being operated by co-Plaintiff, Paul Stump, while being properly restrained, and was traveling westbound on State Road 54 in Pasco County, Florida.

8. At that time and place, an uninsured motorist, was operating a vehicle and was also traveling Westbound on State Road 54, in Pasco County, Florida.

9. At that time and place, the uninsured motorist negligently operated or maintained the motor vehicle so that it collided with the plaintiffs' motor vehicle.

### Count I – Anne Stump's Uninsured Motorist Claim Against LM General Insurance Company

10. Plaintiff, Anne Stump, realleges and incorporates into Count I all of the paragraphs of the "General Allegations" of this complaint as if the same were more specifically set forth herein, and further alleges:

11. Uninsured motorist, Ernesto Espinoza, had a duty to exercise due care in the operation of his/her motor vehicle.

12. At the time of the accident, the uninsured motorist breached that duty in one or more of the following ways:

      a.     Driving carelessly;

      b.     Becoming distracted by engaging in other activities;

      c.     Failing to give due regard in attention to all attendant circumstances, including the roadway and all traffic within his/her zone of risk;

      d.     Failing to keep a proper lookout;

      e.     Driving at an excessive speed for the roadway conditions; and

      f.     Otherwise being negligent in the operation of a motor vehicle.

13. At that time and place, the uninsured motorist negligently and carelessly operated and maintained the motor vehicle he was operating such that it collided with the vehicle Plaintiff was operating.

14. As a direct and proximate result of the negligence of the uninsured motorist, the plaintiff, Anne Stump, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

15. At all times material herein, Plaintiff was insured under a policy of motor vehicle insurance issued by Defendant, LM General Insurance Company, and said policy provided uninsured motorist coverage, bearing policy number

███████████[1]. The declarations page and policy evidencing such coverage are attached hereto as Exhibit "A" and made a part this Complaint.

16. The total of all bodily injury liability insurance available as a result of the subject incident is less than the damages sustained by the plaintiff.

17. Plaintiff has complied with all conditions precedent to the contract for policy number ███████████[1].

18. The policy contract represents the entire agreement by the parties, including the rights and responsibilities of all parties in the resolution and settlement of accident-related claims.

19. Plaintiff, Anne Stump, is an insured person, entitled to benefits under the Uninsured Motorist portion of the policy.

Wherefore, Plaintiff, Anne Stump, sues Defendant, LM General Insurance Company, and demands judgment for damages in an amount exceeding Fifty Thousand Dollars, exclusive of costs, against the defendant, and demands a trial by jury.

### Count I – Paul Stump's Uninsured Motorist Claim Against LM General Insurance Company

20. Plaintiff, Paul Stump, realleges and incorporates into Count I all of the paragraphs of the "General Allegations" of this complaint as if the same were more specifically set forth herein, and further alleges:

---

[1] Plaintiff's policy number has been redacted pursuant to Fla. R. Jud. Admin. 2.425(a)(4)(H) which provides that designated sensitive information filed with the court must be limited to "[t]he last four digits of any . . . insurance policy account number".

21. Uninsured motorist, Ernesto Espinoza, had a duty to exercise due care in the operation of his/her motor vehicle.

22. At the time of the accident, the uninsured motorist breached that duty in one or more of the following ways:

    a. Driving carelessly;

    b. Becoming distracted by engaging in other activities;

    c. Failing to give due regard in attention to all attendant circumstances, including the roadway and all traffic within his/her zone of risk;

    d. Failing to keep a proper lookout;

    e. Driving at an excessive speed for the roadway conditions; and

    f. Otherwise being negligent in the operation of a motor vehicle.

23. At that time and place, the uninsured motorist negligently and carelessly operated and maintained the motor vehicle he was operating such that it collided with the vehicle Plaintiff was operating.

24. As a direct and proximate result of the negligence of the uninsured motorist, the plaintiff, Paul Stump, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

25. At all times material herein, Plaintiff was insured under a policy of motor vehicle insurance issued by Defendant, LM General Insurance Company,

and said policy provided uninsured motorist coverage, bearing policy number ██████████[2]. The declarations page and policy evidencing such coverage are attached hereto as Exhibit "A" and made a part this Complaint.

26. The total of all bodily injury liability insurance available as a result of the subject incident is less than the damages sustained by the plaintiff.

27. Plaintiff has complied with all conditions precedent to the contract for policy number ██████████[1].

28. The policy contract represents the entire agreement by the parties, including the rights and responsibilities of all parties in the resolution and settlement of accident-related claims.

29. Plaintiff, Paul Stump, is an insured person, entitled to benefits under the Uninsured Motorist portion of the policy.

Wherefore, Plaintiff, Paul Stump, sues Defendant, LM General Insurance Company, and demands judgment for damages in an amount exceeding Fifty Thousand Dollars, exclusive of costs, against the defendant, and demands a trial by jury.

## NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS

## FOR SERVICE BY ELECTRONIC MAIL

---

[2] Plaintiff's policy number has been redacted pursuant to Fla. R. Jud. Admin. 2.425(a)(4)(H) which provides that designated sensitive information filed with the court must be limited to "[t]he last four digits of any . . . insurance policy account number".

The law firm of The Nurse Lawyer, P.A. files this appearance as attorney of record for Plaintiff, Anne Stump, in the above-styled cause, and pursuant to F.R.J.A. 2.516, designates the following e-mail address for service by electronic mail:

Service@thenurselawyer.com

Respectfully submitted Tuesday, March 7, 2023.

Megan Cummings, Esquire
The Nurse Lawyer P.A.
201 Alt 19 S
Palm Harbor, FL 34683
Telephone: (727) 807-6182
Facsimile: (727) 848-6182
Fla. Bar No.: 112435
Service@thenurselawyer.com
Attorney for Plaintiff s